IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GERALD ANTHONY WRIGHT, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:16-CV-1176-A |
| § | |
| LORIE DAVIS, Director,[1] § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Gerald Anthony Wright, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, respondent.[2] No service has issued upon respondent. After having considered the pleadings, the court records filed in petitioner's previous federal habeas actions,

---

[1] Petitioner designates Jeffrey Catoe, Warden, as Respondent. However, petitioner is confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ). Therefore, the correct respondent is Lorie Davis, Director of the Correctional Institutions Division of TDCJ. The clerk is directed to docket and change the designation of the respondent accordingly.

[2] Petitioner indicates in his cover letter that he has requested that the $5.00 filing fee be "released" from his inmate trust account to the court, however, the fee has not yet been received by the clerk.

and the relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as an abuse of the writ and that sanctions should be imposed.

## I. Factual and Procedural History

The history relevant to this case is set forth in the magistrate judge's findings and conclusions in *Wright v. Quarterman*, Civil Action No. 4:08-CV-343-A, 2008 WL 4787647 (N.D.Tex. Oct. 27, 2008). Petitioner continues to serve a life sentence in TDCJ on his 1986 conviction for sexual assault in Tarrant County, Texas, Case No. 0272196D. Petitioner has filed at least six prior federal petitions under 28 U.S.C. § 2254 in this court, two of which are relevant to the instant petition. *Wright v. Stevens*, Civil Action No. 4:14-CV-138-A (dismissed as successive); *Wright v. Quarterman*, Civil Action No. 4:08-CV-343-A (dismissed as successive and a certificate of appealability denied by the Fifth Circuit). The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas actions.

## II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize

a habeas corpus petition to be summarily dismissed.[3] The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records, it is apparent that this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(1).

In this petition, petitioner claims that his "legal eligibility for mandatory supervision must be honored" by the Texas Board of Pardons and Paroles and that the board is "using

---

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

harsher standards and policies to prolong" his incarceration.[4] (Pet. 6, ECF No. 1.) Petitioner has raised the same or similar claims in his prior petitions in Civil Action Nos. 4:14-CV-138-A and 4:08-CV-343-A and is well aware of the successive-petition bar and the requirement that he obtain authorization to file such a petition from the Fifth Circuit Court of Appeals. Petitioner has not demonstrated that the Fifth Circuit has authorized him to file the instant petition. This court is therefore without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

---

[4]Petitioner also makes a passing reference that the board is "applying inapplicable parole guidelines to" him but does not otherwise develop the claim. (Pet'r's Aff.) Nevertheless, a habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). There is no constitutional right to conditional release prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Moreover, in Texas, parole means the discretionary and conditional release of an eligible prisoner. TEX. CODE CRIM. PROC. ANN. art. 508.001(6) (West 2014). Texas inmates, therefore, have no constitutionally protected right to parole because the relevant Texas statutes then and now do not create an expectation of release that would implicate due process considerations. *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Such release is entirely speculative. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Because petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedural guidelines affecting his suitability for parole, the frequency of parole reviews, or the factors considered by the Board to reach its decision. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Allison*, 66 F.3d at 73; *Orellana*, 65 F.3d at 32. Further, denial of parole is not an additional punishment nor does it increase petitioner's punishment for the offense; thus, such denial and/or retroactive application of changes in Texas parole procedures do not constitute an ex post facto violation. *See Olstad v. Collier*, 326 Fed. App'x 261, 264, 2009 WL 1116284, at *1-2 (5th Cir. Apr. 27, 2009); *Wallace v. Quarterman*, 516 F.3d 351, 355-56 (5th Cir. 2008); *Orellana*, 65 F.3d at 32; *Cruz v. Texas Parole Div.*, 87 Fed. App'x 346, 347, 2004 WL 190251, at *1 (5th Cir. Jan. 30, 2004).

## III. Sanctions

In the undersigned's Memorandum Opinion and Order in No. 4:14-CV-138-A, petitioner was warned as follows:

> Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims and can include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See* Fed. R. Civ. P. 11; *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008); *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).
>
> Petitioner is warned that the filing of any other successive challenge to his 1986 state court conviction or sentence and/or his eligibility for mandatory supervision release, without first obtaining and providing to this Court an authorization from the United States Court of Appeals for the Fifth Circuit, may result in the imposition of sanctions, including a monetary penalty, a bar to filing any further habeas petitions, motions or lawsuits, or other impediments.

(Mem. Op. 4-5, ECF No. 5.)

Petitioner persists in filing repetitive and frivolous habeas petitions and has failed to heed the court's warning. Accordingly, the court concludes that a monetary sanction is appropriate.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as an abuse of the writ and that a monetary sanction in the amount of $100.00 be, and is hereby, imposed due to petitioner's repetitious and frivolous federal filings. Petitioner is prohibited from filing any pro se civil actions in this court until the monetary sanction is paid in full. A certificate of appealability is denied.

SIGNED January 10, 2017.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE